## Alexander McFarlan,

### *vs.*

## Wm. Clark Frazier, administrator of Wm. Frazier, dec'd.

### *New Castle, Aug. T.* 1820.

Satisfaction of a judgment having been entered of record, upon the representation of the debtor that a specified balance was due and upon his promise to pay it, a bill was filed by the creditor, alleging a larger balance to be in fact due, and praying relief: *Held*, that a court of equity has jurisdiction in such case to decree an account and the payment of the true balance.

BILL IN EQUITY.—William Frazier was indebted to the complainant, Alex. McFarlan, upon a judgment recovered on the 23d October, 1806 ; the same being originally for £720. On the 20th day of February 1810, there being a balance unpaid, Frazier wrote to McFarlan as follows, viz :

" DEAR SIR ;

    " Please write to the Clerk of the
" Supreme Court to enter satisfaction, and I will pay the
" balance to you in thirty days, which is somewhere
" between sixty and eighty dollars; and you will much
" oblige, your friend, &c.,

         WM. FRAZIER,"

February 20th, 1810.

On receiving this note, and on the day of its date,
McFarlan, by a letter addressed to the prothonotary,
caused satisfaction to be entered upon the record of the
judgment. This bill alleges that a much larger balance
was due upon the judgment than the sum stated in
Frazier's letter; that satisfaction was entered upon the
faith of Frazier's paying what might be the true balance,
and that Frazier's statement of it was a mistake. It prays
an account between the parties and a decree for the pay-
ment of such balance as upon the account shall be ascer-
tained to be due.

The answer alleged that the defendant had paid the full
amount due upon the judgment. Issue was joined and
depositions taken by both parties. The cause came before
the Chancellor, at the August Term, 1820, for a hearing
upon the bill, answer, exhibits and depositions. The main
question of controversy, at the hearing, was one of juris-
diction.

*Booth,* for the complainant.

We claim to recover on the judgment. The letter writ-
ten by McFarlan to the prothonotary was not a sufficient
authority for entering the satisfaction. The entry should
have been made by McFarlan in person or by his attorney
duly constituted. But, if the judgment be held to be sat-

isfied, we are still entitled to recover upon Frazier's letter; and we are not concluded by the balance there stated. The letter had not the effect of a settlement; nor is McFarlan, by his entering the satisfaction, to be taken as having assented to the statement as one showing the true balance.   He only meant to gratify Frazier's wish to have the judgment satisfied, relying upon a settlement to be duly and correctly made.

*Van Dyke* and *Rodney*, for the defendant.

The entry of satisfaction is sufficient, and has discharged the judgment.   In a court of equity, the letter directing satisfaction to be entered is a sufficient authority.   But, were it otherwise, and supposing the judgment to be still in force, the complainant might proceed at law upon the judgment.   He has no remedy in equity.

The judgment being satisfied and the letter of Frazier being the ground or promise upon which the satisfaction was entered, that letter furnishes a cause of action at law, upon which the complainant has an adequate remedy without the aid of this Court.   There is no fraud, accident or trust.   McFarlan chose to accept the promise contained in this letter in lieu of his judgment, and must abide by it.

*Rogers*, for the complainant, in reply.

The judgment is not extinguished in equity, though we can have no remedy upon it at law, the defendant being by the entry of satisfaction in possession of a complete defence upon a plea of payment.   But at all events, whether by holding the judgment as undischarged or by a direct decree for an account and payment, a court of equity should relieve us.   It is argued that our remedy is by suit at law upon the letter of Frazier; but that remedy

is not adequate to the justice of the case ; for, in a suit at law we could not recover beyond the sixty or eighty dollars mentioned in the letter, however large might be the balance actually due to us.

RIDGELY, CHANCELLOR.—This case comes within that class of cases which are relievable in this Court on account of accident or mistake ; and it must be governed by its own peculiar circumstances.   There existed a fair and honest debt due to the complainant, and it is apparent, that, at the solicitation of William Frazier, he intended to enter satisfaction on the judgment without actually receiving the money due to him.   It is not contended that William Frazier paid the debt on the 20th of February, 1810 ; and it is not denied that satisfaction was entered on the ground of the note or letter written to the complainant by William Frazier on that day.   It is not stated that any account was settled by the parties, or that they had by any means actually ascertained the sum precisely which was due to Mr. McFarlan.

It is proved by Samuel Thomas, that in 1809 or 1810, he and Mr. Frazier were in treaty about Mr. Frazier's farm ; that about that time Mr. Frazier endeavored to borrow money ; and it seems very reasonable to suppose, that the satisfaction of the judgment was connected with the circumstance.

Afterwards, in the year 1815, it appears on the testimony of three witnesses, that Mr. Frazier and this complainant, had a conversation in relation to the complainant's demand, and that Frazier admitted the account was not settled, but seemed surprised at the amount of it.   Under all these circumstances, it would be harsh and contrary to equity and good conscience, and contrary to the understanding of the parties, to turn the plaintiff round and direct him to proceed at law for the sixty or eighty dollars, stated in Frazier's

letter of the 20th of February, 1810, to be somewhere about the sum due to Mr. McFarlan. Upon that letter, at law, the plaintiff could only recover the sixty or eighty dollars. In truth, a much larger sum seems to be due; and if he cannot recover in this Court, he must lose the difference between sixty or eighty dollars, and the sum actually in arrear. It is evident, that without the aid of this Court, McFarlan cannot obtain redress; and upon numerous authorities and the principles of a court of equity the plaintiff should be relieved. An account must be taken to ascertain the sum actually due to McFarlan, and the balance thus ascertained must be decreed to be paid to the complainant.

Decree for an account.